IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                                              **No. 11-CR-2237 RB**

**DAVID GIRLE,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant David Girle's Motion pursuant to Federal Rule of Criminal Procedure 41(g), for return of all property seized by the Federal Bureau of Investigation pursuant to search warrants executed after the filing of the government's criminal complaint in this case. (Doc. 45, filed September 20, 2011.) The United States filed its Response to Defendant's Motion on October 4, 2011. (Doc. 52.)

Defendant Girle contends that the government has in its possession personal and business records, as well as electronic equipment, computer equipment, and digital storage media belonging to Defendant which he needs to run his business and to meet tax filing requirements. The Defendant does not cite a specific need for any particular item, but rather asks the Court to order return of all materials seized. In its response, the government states that it has already returned three computers to Defendant, that the remaining hardware is undergoing analysis at the FBI office in Albuquerque, New Mexico, and that these items will be furnished to Defendant once the analysis is complete. As to the personal and business records seized, the government states that it is currently in the process of reviewing these documents and will either return the originals or provide copies to the Defendant upon completion of its review.

Federal Rule of Criminal Procedure 41(g) provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Rule 41( [g] ) is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999); *see also Frazee v. I.R.S.*, 947 F.2d 448, 449 (10th Cir. 1991) ("A Rule 41([g]) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury.") While the Defendant broadly states that he "need[s]" the seized materials back "in order to run [his] business and meet tax filing requirements among other things," his motion makes no showing of irreparable harm or inadequate remedy at law. Furthermore, the Advisory Committee Notes to the 1989 Amendments make clear that when the United States "has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." FED. R. CRIM. PROC. 41(g), Notes of the Advisory Committee Notes on the 1989 Amendments. Only when the United States' legitimate interests can be satisfied even if the property is returned does "continued retention of the property . . . become unreasonable." *Id.*

In light of the government's assertion that it is currently undergoing analysis of the Defendant's seized items and will return these materials upon completion of its review, as well as the Defendant's failure to show irreparable harm or inadequate remedy at law, the Court denies Defendant's motion.

**WHEREFORE,**

**IT IS ORDERED THAT** Defendant's Motion for return of all property (Doc. 45) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**